Bissell, J.,
delivered the opinion of the court.
For many years the appellee, Morrison, was the owner and occupant of a ranch along the course of a mountain stream called “ Morrison Creek.” The Rio Grand Railroad Company constructed its line in the vicinity of Morrison’s premises, and built a water tank for the use of its trains in close proximity to Morrison’s inclosures. These inclosures contained the usual stables and corrals for his stock, and a house for the occupation of his family. At a point veiy close to Morrison’s yards and where the tank was built, the creek made a bend and went to one side of Morrison’s premises in its course to the river. The water supply for the tank was taken out of the creek higher up the stream, and probably about a thousand feet from its location. The waste pipe which discharged the overflow ran but a short distance from the tank to the creek and discharged just above Morrison’s yards. The use of the tank was of course intermittent, and *195 water was only drawn from it as the trains passed and the engines required water. At such times the tank was partially emptied, the overflow ceased and the discharge recommenced when the tank became full. The water was constantly running for the purposes of keeping the tank filled and the pipe from freezing. The result of this practice was that in the cold weather of the winter the overflow would freeze and ultimately stop up the bed of the creek with a solid mass of ice and leave no way for water. Under these circumstances the water overflowed its banks, and flooded Morrison’s premises.
Substantially the judgment is not challenged because of any specific error committed by the trial court with respect to the application of the law to the facts. It has been seriously contended in the briefs and on argument that the judgment was whollj- unsupported by the testimony, and that therefore the court erred in refusing to direct a nonsuit and in entering judgment against the railroad company. The record is not so barren of proof of damage, nor of evidence to show that the injuries resulted from the negligent use and faulty construction of the tank, as to permit this court to reverse the judgment on those grounds. The proof is not as full and as satisfactory as might be desired, but the question at issue may fairly be said to have been determined on testimony which was conflicting, and under these circumstances we are without right to disturb the judgment for what we may regard as a slight insufficiency of proof. During the progress of the trial it appeared that, after considerable complaint by Mr. Morrison respecting the use of the tank, the company ran its waste pipe some six hundred feet and to a point below the premises. It was shown that after the change in this construction the injury ceased and Morrison was no longer troubled by the overflow of water. There was some complaint by counsel for the appellant respecting the admission of this testimony. Whether it would be admissible under the, peculiar circumstances of this case on well settled rules of evidence need not be determined. The contention *196 was abandoned on argument, because the record disclosed that the objection was not preserved save by an exception to the testimony given by one witness, and the whole subject had been antecedently embraced in what had been offered and received without objection. Counsel very properly conceded that the force of the objection was destroyed, and that no valid error could be predicated on the ruling of the court.
These considerations dispose of all the questions which the record presents for our consideration, and since the court committed no error in the trial of the case the judgment must be affirmed.

Affirmed.